## J. B. DURENBERGER v. SOPHIA PECK and Another.[1]

March 11, 1910.

Nos. 16,429—(235).

**Appeal from Justice Court — Presumption.**

[Where on appeal from justice court upon questions of law alone the return of the justice did not contain all the evidence, and the justice certified that the testimony had not been reduced to writing and he could not recollect all the testimony offered and received, the presumption that the judgment was sustained by sufficient evidence was not destroyed by the return, and the district court erred in reversing the judgment and allowing plaintiff judgment in a sum about double the amount of the former judgment. Reporter.]

Action in justice court to recover $14.74 for merchandise sold. From a judgment of the justice in favor of plaintiff for $7.58, plaintiff appealed to the district court for Watonwan county where the judgment was reversed and judgment ordered, Pfau, J., in favor of plaintiff for $14.74. From the judgment entered pursuant to the order, defendants appealed. Reversed.

*Hammond & Burns*, for appellants.

*Seager & Seager*, for respondent.

PER CURIAM.

Plaintiff and respondent appealed from judgment in a justice court to the district court upon questions of law alone, and requested the justice to furnish transcript of evidence given upon trial. The justice made the usual return, and certified that the testimony had not been reduced to writing, and that he had none to return. A series of orders followed, designed to secure a return of the transcript of the testimony. In response to the final order the justice certified that he could not recollect all the testimony offered and received; that the witnesses did testify substantially as stated in the order; that "he is of the opinion that the statements of testimony contained in the several questions are substantially correct, but he is also of the opinion that considerable testimony was given upon the trial not included in any of the questions in the said order and, while he is unable to state from his memory what that testimony was, as he remembers it there was considerable amount offered in addition to that set forth in substance in the questions in the attached order contained;" and that "from his memory he is unable to state the testimony offered upon the trial of this case be-

[1] Reported in 125 N. W. 121.

fore him, and he has no means, through recollection or otherwise, of making a return to this court that will include all the evidence offered upon the trial of the case, or even the substance of all the evidence offered." The trial court reversed the judgment in favor of plaintiff and against the defendant, and allowed the plaintiff judgment for a sum about double the original amount. This appeal was taken from the judgment entered accordingly.

The reversal by the district court was upon a transcript which expressly did not purport to contain all the evidence offered on the trial, or even the substance of all the evidence. It is elementary that, when the case was presented to the district court, there existed the familiar presumption that the judgment was sustained by sufficient evidence. The return was not sufficient to destroy this presumption. In consequence, the judgment of the district court must be, and is hereby, reversed. In view, however, of all the circumstances of the case, no statutory costs will be awarded either party.

Reversed.